**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Landmark Recovery of Colorado, LLC; | ) | Case No. 3:25-bk-03452 |
| Landmark Recovery of Arkansas, LLC; and | ) | Chapter 11 |
| 4145 Briargate Parkway OPS, LLC, | ) | Judge Mashburn |
| | ) | Jointly Administered[1] |
| Debtors. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 10, 2026**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: September 22, 2026 AT 9:30 A.M. IN COURTROOM 1, 701 BROADWAY, NASHVILLE, TN 37203**
**(Virtual appearances at hearing only if allowed; See website for details.)**

---

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing**. Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

---

**DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**
**(Relates Only to Landmark Recovery of Colorado, LLC and Landmark Recovery of Arkansas, LLC)**

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are: Landmark Recovery of Colorado, LLC, Tax ID No. 3379, at Case No. 25-3452; Landmark Recovery of Arkansas, LLC, Tax ID No. 4265, at Case No. 25-3453 and 4145 Briargate Parkway Ops, LLC, Tax ID No. 4703 at Case No. 26-2179.

Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, Debtors Landmark Recovery of Colorado, LLC ("Landmark Colorado") and Landmark Recovery of Arkansas, LLC ("Landmark Arkansas") (collectively, the "Debtors"), respectfully move (this "Motion") for approval of the *Mutual Settlement Agreement and Release* (the "Settlement Agreement") reached with Certain Underwriters at Lloyd's, London subscribing to Policy No. W2E713220201 and all of their members, affiliated, subsidiary, associated, or allied companies, names, agents, corporations, limited liability companies, limited liability partnerships, firms, entities, management companies, partnerships, organizations, independent contractors, agents, assigns, or joint ventures as now exist, or may hereafter be constituted or acquired (collectively "Underwriters"). In support of this Motion, the Debtors state as follows:

## BACKGROUND

1. On August 20, 2025 (the "Petition Date"), Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. Underwriters subscribed to Policy No. W2E713220201 ("Policy") issued to Landmark Recovery of Louisville, LLC ("Landmark Louisville"), Landmark Colorado, Landmark Arkansas, and other named insureds (collectively, "Landmark") for the policy period March 31, 2022, to March 31, 2023.

4. The Policy, subject to its terms, conditions, limitations, exclusions, and endorsements, provided certain commercial property coverage to multiple properties owned and/or leased by affiliated Landmark entities including, but not limited to 3625 Parkmoor Village Drive, Colorado Springs, Colorado 80917 ("Colorado Property") and 12 Hospital Drive, Morrilton, Arkansas 72110 ("Arkansas Property").

5. On or about December 19, 2022, Landmark Louisville submitted a loss notice with a December 13, 2022, date of loss, which was assigned by Underwriters as Claim No. 100005190356, and which claim includes vandalism and theft damage to the Colorado Property and associated loss of rents and/or business income (the "Colorado Claim").

6. On or about December 28, 2022, Landmark reported water damage at multiple properties, including the Colorado Property and Arkansas Property, caused by freeze conditions occasioned by Winter Storm Elliot with a reported date of loss on or about December 25, 2022 (the "2022 Freeze Loss"), which was assigned by Underwriters as Claim No. 100005191531 (the "2022 Freeze Claim").

7. In October 2023, Landmark and Underwriters resolved certain quantum and coverage disputes relating to the 2022 Freeze Claim in a settlement which included claims for water damage to the Colorado Property and Arkansas Property ("2022 Freeze Settlement").

8. In the 2022 Freeze Settlement, Landmark agreed to satisfy all liens and third-party claims arising out of repairs to the subject properties in connection with the 2022

Freeze Loss and agreed to defend and indemnify Underwriters for and against all claims arising out of the 2022 Freeze Loss.

9. Following the 2022 Freeze Settlement, Underwriters were required to respond to various third-party claims relating to Landmark's failure to comply with its obligations under the 2022 Freeze Settlement.

10. Thereafter, certain coverage and quantum disputes arose between Landmark and Underwriters regarding the Policy and Colorado Claim.

11. On February 4, 2025, Landmark Louisville filed suit against Underwriters in the District Court of El Paso County, Colorado styled *Landmark Recovery of Louisville, LLC v. Certain Underwriters at Lloyd's London Subscribing to Policy No. W2E713220201*, Case No. 2025CV30256 in relation to the Colorado Claim ("Colorado Lawsuit").

12. On April 29, 2025, the Colorado District Court for El Paso County dismissed Landmark Louisville's breach of contract count with respect to the Colorado Property as time-barred.

13. On November 18, 2025, Underwriters removed the Colorado Lawsuit to the U.S. Bankruptcy Court for the District of Colorado pursuant to 28 U.S.C. § 1334(b) and on December 2, 2025, the Colorado Lawsuit was transferred to the Bankruptcy Court and associated with the above-captioned case.

14. On or about November 25, 2025, Underwriters filed proofs of claim in the Bankruptcy Action based on damages Underwriters incurred as a result of Landmark's breach of the 2022 Freeze Settlement ("Creditor Claims").

15. On December 9, 2025, the Colorado Lawsuit was docketed in the Bankruptcy Court as Adversary Proceeding No. 3:25-ap-90146 (the "Adversary Proceeding"), where it remains pending.

16. On April 21, 2026, Landmark and Underwriters attended mediation and reached a global settlement of all claims between Underwriters and Landmark, including the Colorado Lawsuit and the Creditor Claims.

17. As a result of the global settlement reached during the meditation, Debtors and Underwriters executed a Settlement Agreement detailing this compromise and agreement on July 27, 2026.

18. The fully executed Settlement Agreement is attached hereto as **Exhibit A**.

19. The material terms of the Settlement Agreement include: (1) Landmark Colorado's release of Underwriters; (2) the Underwriters' release of the Debtors; (3) the filing of this Motion within five (5) business days of the execution of the Settlement Agreement; and (4) the dismissal of the Colorado Lawsuit and Creditor Claims within ten (10) days of an order granting this Motion. These material terms are more fully detailed in **Exhibit A**, to which reference is made.

## STANDARD

20. The Sixth Circuit, in the 2025 *Prime Financial*[2] case, applied a four-part test from its 2002 decision in the *Bard* case.

---

[2] *Prime Fin., Inc. v. Shapiro (In re TAJ Graphics Enters., L.L.C.)*, 162 F.4th 791, 798 (6th Cir. 2025)

21. The *Bard* test is a four-factor test, considering (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[3]

22. In applying this test, the Court accords some discretion to the Debtor-in-Possession's decision to settle the claim.[4]

**ARGUMENT**

23. As to the first two factors (probability of success and difficulties with collection), courts "attempt to estimate both the value of the proposed settlement and the likely outcome of litigating the claims proposed to be settled."[5] The Court need not hold a "mini-trial" or write an extensive opinion every time a settlement is approved or disapproved.[6]

24. Here, Debtors and Underwriters were prepared to fully litigate the issues at issue in the Colorado Lawsuit and the Creditor Claims. The issues are complicated legally and factually and the outcome is uncertain. Absent settlement, this Court's decision might not be the last word, as the disappointed party is likely to appeal. The Parties recognize the

---

[3] *Prime Fin.,* 162 F.4th *at* 798 (citing *Bard,* 49 F. App'x at 530).
[4] *Id.* at 798. (citations omitted).
[5] *Id.* at 798(citations omitted).
[6] *Id.* at 798-99 (citations omitted).

risks and costs of continued litigation. The Debtors need not expend time and resources of the Estate to resolve the issues with Underwriters.

25. The third factor also weighs in favor of approving the Settlement Agreement. If the compromise is not approved, the resulting litigation will be expensive and complex. Debtors would need to respond to the Notice of Removal, and then the Parties would need to engage in discovery. Discovery would likely involve several depositions, continued document review and production, and potential discovery disputes for the Court to consider. Following discovery, the Parties would need to engage in motion practice to file dispositive motions and then prepare for trial.

26. The final factor concerns the interest of the creditors. It is in the best interest of the Debtors' creditors for the Debtors to resolve the Colorado Lawsuit and Creditor Claims with Underwriters through the Settlement Agreement. There will be no harm to the creditors from the Debtors executing the Settlement Agreement.

## CONCLUSION

27. As explained above, the Sixth Circuit's four-factor test weighs in favor of approving the Settlement Agreement. The dispute between Debtors and Underwriters is open to serious question, and any adverse outcome (if litigated) would be substantial. The Settlement Agreement fully dispenses of all controversies between Debtors and Underwriters—including any claims submitted by Underwriters in the bankruptcy. The Settlement Agreement will not prevent other creditors from being made whole.

28. It is thus in the best interest of the Debtors' estates for the controversy with Underwriters to be settled through the Settlement Agreement.

**WHEREFORE**, Debtors respectfully request that the Court enter an Order:

A. Approving the Settlement Agreement (Ex. A);

B. Authorizing Debtors to perform all necessary obligations under the Settlement Agreement;

C. Finding that the Settlement Agreement is fair, equitable, and in the best interests of the Debtors' estates and the creditors; and

D. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*<u>/s/ Michael G. Abelow</u>*

Michael G. Abelow (No. 26710)
Brettson J. Bauer (No. 39289)
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4532
mabelow@srvhlaw.com
bbauer@srvhlaw.com
*Counsel for Debtors*

## CERTIFICATE OF SERVICE

It is hereby certified that on this the 20th day of August, 2026, a true and correct copy of the foregoing was served via ECF upon the parties consenting to electronic service in this case and will be served by mail upon all parties on the mailing matrix.

*<u>/s/ Michael G. Abelow</u>*

Michael G. Abelow

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Landmark Recovery of Colorado, LLC; | ) | Case No. 3:25-bk-03452 |
| Landmark Recovery of Arkansas, LLC; and | ) | Chapter 11 |
| 4145 Briargate Parkway OPS, LLC, | ) | Judge Mashburn |
| | ) | Jointly Administered[7] |
| Debtors. | ) | |

---

**ORDER GRANTING DEBTORS' MOTION**
**FOR APPROVAL OF SETTLEMENT AGREEMENT**
**(Relates Only to Landmark Recovery of Colorado, LLC**
**and Landmark Recovery of Arkansas, LLC)**

---

[7] The Debtors' respective tax identification numbers (last four digits) and case numbers are: Landmark Recovery of Colorado, LLC, Tax ID No. 3379, at Case No. 25-3452; Landmark Recovery of Arkansas, LLC, Tax ID No. 4265, at Case No. 25-3453 and 4145 Briargate Parkway Ops, LLC, Tax ID No. 4703 at Case No. 26-2179.

Before the Court is Debtors' Motion for Approval of Settlement Agreement (the "Motion")[8] filed by Landmark of Recovery of Colorado, LLC and Landmark Recovery of Arkansas, LLC (collectively the "Debtors"), seeking approval of the Settlement Agreement reached with Certain Underwriters at Lloyd's, London subscribing to Policy No. W2E713220201 and all of their members, affiliated, subsidiary, associated, or allied companies, names, agents, corporations, limited liability companies, limited liability partnerships, firms, entities, management companies, partnerships, organizations, independent contractors, agents, assigns, or joint ventures as now exist, or may hereafter be constituted or acquired (collectively "Underwriters").

Upon review of the Motion, the Court has determined the Settlement is fair and equitable and in the best interests of the Debtors' estates and creditors, and that approval of the Settlement Agreement satisfies the applicable standards established by the Sixth Circuit. The Court specifically finds:

1. The Motion is well taken and should be granted;
2. The Settlement Agreement resolves disputes between Debtors and Underwriters;
3. Approval of the Settlement Agreement is in the best interests of the Debtors' estates and the creditors; and

[8] (DE # ___).

4. Approval of the Settlement Agreement satisfies the applicable standards established by the Sixth Circuit.

Accordingly, Debtors' Motion for Approval of Settlement Agreement is hereby **GRANTED**. It is THEREFORE ORDERED that:

1. The Settlement Agreement is approved pursuant to Federal Rule of Bankruptcy Procedure 9019, in the form attached to the Motion as **Exhibit A**;
2. The Debtors are authorized and directed to perform all obligations under, and to take all actions necessary or appropriate to effectuate, implement, and consummate the Settlement Agreement in accordance with its terms;
3. The Debtors are authorized to execute and deliver such additional documents and instruments, and to take such further actions, provided than any such documents or actions are consistent with the Settlement Agreement and this Order;
4. The Court finds that no stay of this Order is necessary unless otherwise ordered by the Court upon request of a party in interest.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

SUBMITTED FOR ENTRY:

*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
Brettson J. Bauer (No. 39289)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4532
mabelow@srvhlaw.com
bbauer@srvhlaw.com
*Counsel for Debtors*